UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

MICHAEL J. O'CONNELL, et al., )
)
　　　　　　Plaintiffs, )
)
　　　v. ) No. 4:04CV1368 FRB
)
ACCURATE PLUMBING, LLC, et al., )
)
　　　　　　Defendants. )

**MEMORANDUM AND ORDER**

　　　　Presently pending before the Court are plaintiffs' Motions for Partial Summary Judgment directed to defendant Accurate Plumbing, LLC (filed February 16, 2005/Docket No. 20), and to defendant New Construction Resources, LLC (filed July 28, 2005/ Docket No. 31). All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

　　　　Plaintiffs Michael J. O'Connell, Michael E. O'Mara, Daniel P. Murphy, Michael T. Chumley, Donald C. Orf, Thomas Corrigan, James Murphy, Robert Schnitzer, Joseph Beetz, and Robert C. Mitchell, as Trustees of the Plumbers and Pipefitters Welfare Educational Fund, the Plumbers and Pipefitters Pension Fund, and the Plumbers and Pipefitters Local 562 Supplemental Pension Plan and Trust ("the Funds" or "plaintiff-Funds"), bring this cause of action pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132, seeking to recover from defendant-employers Accurate Plumbing, LLC, Builders Plumbing, LLC, and New Construction Resources, LLC,

delinquent contributions alleged to be owed by the defendants to the Funds which are operated as multi-employer, employee benefit plans. Plaintiff-Funds also seek liquidated damages and related interest, as well as recovery of their costs and attorney's fees. Under the Labor Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. § 185, separate plaintiff Plumbers and Pipefitters Local 562 ("Local 562") seeks to recover delinquent Union dues collected and owing by the defendant-employers.

Plaintiffs (comprised of plaintiff-Funds and Local 562) have now filed Motions for Partial Summary Judgment directed to defendants Accurate Plumbing, LLC, and New Construction Resources, LLC, to which neither defendant has responded.

## I. Procedural History

This action was originally filed on October 8, 2004, and named Accurate Plumbing, LLC ("Accurate Plumbing"), as the sole defendant in the cause. Thereafter, on February 1, 2005, plaintiffs timely sought to amend their Complaint seeking to name Builders Plumbing, LLC, and New Construction Resources, LLC ("New Construction"), as additional defendants. Leave was granted on February 2, 2005, to file the First Amended Complaint. The matter is presently set for trial on October 11, 2005.

On February 16, 2005, plaintiffs filed a Motion for Partial Summary Judgment directed to defendant Accurate Plumbing, after which Accurate Plumbing repeatedly sought extensions of time to respond, with certain of such requests opposed by plaintiffs. On their final

request, Accurate Plumbing was granted to June 14, 2005, to respond to the motion. With no response having been filed, the Court, on August 10, 2005, <u>sua sponte</u> granted Accurate Plumbing to August 19, 2005, by which to respond to plaintiffs' Motion for Partial Summary Judgment, with the caveat that "[i]n the event no response is filed, the Court will determine the motion on the material and information presently before the Court." To date, no response has been filed to plaintiffs' motion directed to defendant Accurate Plumbing.

On July 29, 2005, the Court granted plaintiffs leave to file their Motion for Partial Summary Judgment directed to defendant New Construction out of time.[1] To date, no response has been filed to this motion, and the time for doing so has passed. Nor has defendant New Construction sought additional time to so respond.

Accordingly, presently before the Court for determination are plaintiffs' undisputed Motions for Partial Summary Judgment directed to defendants Accurate Plumbing and New Construction Resources.

**II.  Evidence Before the Court on the Motions**

A.  <u>Local Rule 4.01</u>

As an initial matter, the undersigned notes that, in compliance with Local Rule 4.01, the plaintiffs submitted with each Motion for Partial Summary Judgment a relative Statement of Undisputed Facts which sets forth each fact in separately numbered

---

[1] The Case Management Order in this cause ordered that all dispositive motions be filed not later than July 1, 2005.

paragraphs. Local Rule 4.01(E) requires that every memorandum in opposition to a motion for summary judgment

> shall include a statement of material facts as to which the party contends a genuine issue exists. Those matters in dispute shall be set forth with specific references to portions of the record, where available, upon which the opposing party relies. The opposing party also shall note for all disputed facts the paragraph number from movant's listing of facts. *All matters set forth in the statement of the movant shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party.*

(Emphasis added.)

Local rules of the Court have the force of law. <u>Jetton v. McDonnell Douglas Corp.</u>, 121 F.3d 423, 426 (8th Cir. 1997). Inasmuch as defendants Accurate Plumbing and New Construction failed to respond to plaintiffs' motions, and thus failed to specifically controvert the matters set forth in plaintiffs' statements of facts in the manner required by Local Rule 4.01(E) of this Court, such matters in plaintiffs' statements are deemed admitted for purposes of the motions. <u>See</u> <u>Northwest Bank & Trust Co. v. First Ill. Nat'l Bank</u>, 354 F.3d 721, 724-25 (8th Cir. 2003); <u>Harris v. Interstate Brands Corp.</u>, 348 F.3d 761, 762-63 (8th Cir. 2003).

B. <u>Facts Adduced on the Motions Deemed Admitted</u>

1. *Accurate Plumbing, LLC*

Accurate Plumbing, LLC, is a limited liability company organized and existing under the laws of the State of Missouri, with

an office and place of business within this judicial district. Accurate Plumbing is an employer in an industry affecting commerce.

Accurate Plumbing executed a collective bargaining agreement with Local 562 effective through June 30, 2010, and was a party to such agreement at all relevant times hereto. Pursuant to the terms of the agreement, an employer is required to remit contributions to the Plumbers and Pipefitters Funds and to remit monthly reports reflecting the hours worked by its employees. The agreement further provides for the bound employer to deduct Union dues from its employees' wages and to remit to Local 562, on a monthly basis, all monies so deducted from the employees' paychecks.

Accurate Plumbing submitted contribution reports for the months of September 2004 and October 2004, but did not pay the contributions reflected in these reports. Contributions in the amount of $22,341.70 are owed for September 2004. Contributions in the amount of $31,339.90 are owed for October 2004.

Accurate Plumbing has not paid Union dues for its employees for the months of September and October 2004. Such delinquent dues total $5,014.87.

The collective bargaining agreement provides that bound employers who fail to pay the contributions owed are obligated to pay:

> (a) liquidated damages equal to $2.00 for each day of delinquency up to a maximum of $40.00 for any one (1) month of delinquency, plus two (2%) percent per month, or any fraction of a month, of the unpaid amount starting from the first day

> of such delinquency and ending when such
> delinquency is paid in full; (b) payment of all
> reasonable attorney's fees, court costs, audit
> costs, and other reasonable expenses incurred in
> the collection of such delinquency and
> liquidated damages or in the enforcement of any
> other duty required under this Section 4; (c)
> payment to any employee affected by such
> delinquency of a sum equal to the value of any
> benefits lost by such employee by reason of
> Employer's delinquency; (d) reimbursement to the
> Fund for the cost or value of any benefits which
> may be made available by the Trustees to any
> employee affected by the failure of the Employer
> to contribute or properly report to the Fund.

(Flynn Affid., Exh. 1, Agreement & Contract at pp. 51-52.)

As of the filing of the instant Motion for Partial Summary Judgment directed to defendant Accurate Plumbing, that is, February 16, 2005, liquidated damages have accrued in the amount of $280.00 in relation to Accurate Plumbing's failure to pay contributions for September and October 2004, with interest totaling $3,667.73 on such delinquent contributions. As such, interest and liquidated damages totaling $3,947.73 through February 16, 2005, remain unpaid by Accurate Plumbing and due to plaintiff-Funds.

Defendant Accurate Plumbing is delinquent in its contributions to plaintiff-Funds in an amount totaling $53,681.60. With respect such delinquent contributions, liquidated damages total $280.00 and interest accrued thereon totals $3,667.73 as of February 16, 2005. Union dues for the months of September and October 2004 remain due and owing by Accurate Plumbing to plaintiff Local 562 in the amount of $5,014.87.

2.  *New Construction Resources, LLC*

New Construction Resources, LLC, is a limited liability company with an office and place of business within this judicial district.

New Construction executed a collective bargaining agreement with Local 562 effective through June 30, 2010. Pursuant to the terms of the agreement, an employer is required to remit contributions to the Plumbers and Pipefitters Funds and to remit monthly reports reflecting the hours worked by its employees. The agreement further provides for the bound employer to deduct Union dues from its employees' wages and to remit to Local 562, on a monthly basis, all monies so deducted from the employees' paychecks.

New Construction submitted contribution reports for the months of January, February, March, April, and May 2005, but did not pay the contributions reflected in these reports. Contributions totaling $124,263.15 are owed for the period of January through May 2005.

New Construction has not paid Union dues for its employees for the period of January 7, 2005, through June 30, 2005. Such delinquent dues total $10,998.92.

The collective bargaining agreement provides that bound employers who fail to pay the contributions owed are obligated to pay:

> (a) liquidated damages equal to $2.00 for each day of delinquency up to a maximum of $40.00 for

>     any one (1) month of delinquency, plus two (2%)
>     percent per month, or any fraction of a month,
>     of the unpaid amount starting from the first day
>     of such delinquency and ending when such
>     delinquency is paid in full; (b) payment of all
>     reasonable attorney's fees, court costs, audit
>     costs, and other reasonable expenses incurred in
>     the collection of such delinquency and
>     liquidated damages or in the enforcement of any
>     other duty required under this Section 4; (c)
>     payment to any employee affected by such
>     delinquency of a sum equal to the value of any
>     benefits lost by such employee by reason of
>     Employer's delinquency; (d) reimbursement to the
>     Fund for the cost or value of any benefits which
>     may be made available by the Trustees to any
>     employee affected by the failure of the Employer
>     to contribute or properly report to the Fund.

(Flynn Affid., Exh. 1, Agreement & Contract at pp. 51-52.)

As of the filing of the instant Motion for Partial Summary Judgment directed to defendant New Construction, that is, July 28, 2005, liquidated damages have accrued in the amount of $2,960.00 in relation to New Construction's failure to pay contributions for January through May 2005, with interest totaling $8,783.28 on such delinquent contributions. As such, interest and liquidated damages totaling $11,743.28 through July 28, 2005, remain unpaid by New Construction and due to plaintiff-Funds.

Defendant New Construction is delinquent in its contributions to plaintiff-Funds in an amount totaling $124,263.15. With respect such delinquent contributions, liquidated damages total $2,960.00 and interest accrued thereon totals $8,783.28 as of July 28, 2005. Union dues for the period of January 7 through June 30, 2005, remain due and owing by New Construction to plaintiff Local 562

in the amount of $10,998.92.

### III. Discussion

A. <u>Delinquent Contributions</u>

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with the law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

29 U.S.C. § 1145.

The trustees of the relevant plans may bring an action in federal court to enforce an employer's liability created by § 1145. <u>Laborers Health & Welfare Trust Fund for Northern Cal. v. Advanced Lightweight Concrete Co., Inc.</u>, 484 U.S. 539, 547 (1988). In addition to awarding the unpaid contributions to the plans, special remedies against employers who are delinquent in meeting their contractual obligations include a mandatory award of prejudgment interest plus liquidated damages. <u>Id.</u>; 29 U.S.C. § 1132(g)(2).

Plaintiff-Funds have provided documented evidence in this cause, deemed admitted pursuant to Local Rule 4.01(E) and uncontroverted by specific factual averments, demonstrating that defendant Accurate Plumbing is delinquent in its contributions to the Funds in an amount totaling $53,681.60. Further, plaintiff-Funds have provided documented evidence, deemed admitted pursuant to Local Rule 4.01(E) and uncontroverted by specific factual averments, demonstrating that pursuant to the terms of the collective bargaining

agreement, defendant Accurate Plumbing is liable to the Funds for liquidated damages on such delinquent contributions in an amount totaling $280.00, with interest on the unpaid contributions totaling $3,667.73. Plaintiff-Funds seek and are entitled to recovery of such unpaid contributions, liquidated damages and interest from defendant Accurate Plumbing. See Gariup v. Birchler Ceiling & Interior Co., Inc., 777 F.2d 370 (7th Cir. 1985); 29 U.S.C. § 1132(g)(2). Further, in accordance with 29 U.S.C. § 1132(g)(2)(D), plaintiff-Funds are entitled to recover from defendant Accurate Plumbing their reasonable attorney's fees and costs in pursuing this action.

Plaintiff-Funds have provided documented evidence in this cause, deemed admitted pursuant to Local Rule 4.01(E) and uncontroverted by specific factual averments, demonstrating that defendant New Construction is delinquent in its contributions to the Funds in an amount totaling $124,263.15. Further, plaintiff-Funds have provided documented evidence, deemed admitted pursuant to Local Rule 4.01(E) and uncontroverted by specific factual averments, demonstrating that pursuant to the terms of the collective bargaining agreement, defendant New Construction is liable to the Funds for liquidated damages on such delinquent contributions in an amount totaling $2,960.00, with interest on the unpaid contributions totaling $8,783.28. Plaintiff-Funds seek and are entitled to recovery of such unpaid contributions, liquidated damages and interest from defendant New Construction. See Gariup v. Birchler Ceiling & Interior Co., Inc., 777 F.2d 370 (7th Cir. 1985); 29 U.S.C.

§ 1132(g)(2). Further, in accordance with 29 U.S.C. § 1132(g)(2)(D), plaintiff-Funds are entitled to recover from defendant New Construction their reasonable attorney's fees and costs in pursuing this action.

B.  <u>Unpaid Union Dues</u>

Under 29 U.S.C. § 185(a), a labor organization may bring suit in a district court of the United States against an employer for breach of contract, including suits seeking recovery of unpaid Union dues as provided under a collective bargaining agreement. See <u>United Steel Workers of America v. Shakespeare Co.</u>, 84 F. Supp. 267 (W.D. Mich. 1949) (district court can hear and determine suit for damages between employers and labor organizations arising out of breach of contract); <u>Bugher v. Consolidated X-ray Serv. Corp.</u>, 515 F. Supp. 1180 (N.D. Tex. 1981) (§ 185(a) encompasses employer's failure to remit dues to Union as provided in agreement). An action for damages under § 185(a) for an employer's alleged breach of its obligation embodied in a collective bargaining agreement resembles an action for breach of contract under common law. Cf. <u>International Union, United Auto., Aerospace & Agric. Implement Workers of Am. (UAW), AFL-CIO v. Hoosier Cardinal Corp.</u>, 383 U.S. 696, 705 n.7 (1966).

Plaintiff Local 562 has provided documented evidence, deemed admitted pursuant to Local Rule 4.01(E) and uncontroverted by specific factual averments, demonstrating that defendant Accurate Plumbing failed to remit to Local 562 dues in the amount of $5,014.87, which were required to be remitted to Local 562 by the

terms of the collective bargaining agreement. Likewise, plaintiff Local 562 has provided documented evidence, deemed admitted pursuant to Local Rule 4.01(E) and uncontroverted by specific factual averments, demonstrating that defendant New Construction failed to remit to Local 562 dues in the amount of $10,998.92, which were required to be remitted to Local 562 by the terms of the collective bargaining agreement. The employers' failure to remit dues as provided under the clear terms of the agreement constitutes a breach of that agreement, and Local 562 is entitled to recover its dues therefrom. See Agathos v. Starlite Motel, 977 F.2d 1500, 1510 (3d Cir. 1992). Attorney's fees are not recoverable under 29 U.S.C. § 185(a), however. International Bhd. of Elec. Workers, Local No. 12, AFL-CIO v. A-1 Elec. Serv., Inc., 535 F.2d 1, 4 (10th Cir. 1976); see also Seattle Times Co. v. Seattle Mailer's Union No. 32, 664 F.3d 1366, 1370 (9th Cir. 1982).

Therefore, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that plaintiffs' Motion for Partial Summary Judgment directed to defendant Accurate Plumbing, LLC (Docket No. 22), is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff-Funds shall recover from defendant Accurate Plumbing, LLC, **Fifty-Seven Thousand, Six Hundred Twenty-Nine and 33/100 Dollars** ($57,629.33), representing delinquent contributions in an amount totaling $53,681.60; liquidated damages on delinquent contributions, totaling $280.00; and interest accrued on delinquent contributions, totaling $3,667.73.

**IT IS FURTHER ORDERED** that plaintiff Plumbers and Pipefitters Local 562 shall recover from defendant Accurate Plumbing, LLC, **Five Thousand, Fourteen and 87/100 Dollars** ($5,014.87), representing unpaid Union dues.

**IT IS FURTHER ORDERED** that plaintiffs' Motion for Partial Summary Judgment directed to defendant New Construction Resources, LLC (Docket No. 31), is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff-Funds shall recover from defendant New Construction Resources, LLC, **One Hundred Thirty-Six Thousand, Six and 43/100 Dollars** ($136,006.43), representing delinquent contributions in an amount totaling $124,263.15; liquidated damages on delinquent contributions, totaling $2,960.00; and interest accrued on delinquent contributions, totaling $8,783.28.

**IT IS FURTHER ORDERED** that plaintiff Plumbers and Pipefitters Local 562 shall recover from defendant New Construction Resources, LLC, **Ten Thousand, Nine Hundred Ninety-Eight and 92/100 Dollars** ($10,998.92), representing unpaid Union dues.

**IT IS FURTHER ORDERED** that, not later than **October 21, 2005**, plaintiff-Funds shall submit to this Court separate verified statements of their attorney's fees and costs expended, with specific documentation demonstrating only those hours and costs reasonably expended in the prosecution of their claims resolved herein with respect to each defendant, Accurate Plumbing, LLC, and New Construction Resources, LLC. Defendants Accurate Plumbing, LLC, and

New Construction Resources, LLC, shall have to and including **November 4, 2005,** to file any response.

The Court will delay entry of judgment on any portion of plaintiffs' First Amended Complaint until such time as the matters which remain before the Court, including the issue of attorney's fees and costs relating to the claims addressed herein, are determined.

_____
UNITED STATES MAGISTRATE JUDGE

Dated this _8th_ day of September, 2005.